UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| COY G. COX, JR., ) | |
| ) | |
| Plaintiff, ) | Civil No. 15-80-ART |
| ) | Civil No. 15-90-ART |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| SPECIALTY VEHICLE SOLUTIONS LLC, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The plaintiff, Coy G. Cox, Jr., currently has two lawsuits pending against the defendant, Specialty Vehicle Solutions ("SVS"). One he filed in state court that was later removed, and one that he filed in this Court alone. SVS now moves to dismiss both suits. For the reasons that follow, those motions are granted.

### BACKGROUND

On February 23, 2015, the plaintiff, Coy G. Cox, Jr., filed a suit in state court against SVS. *Cox I*, R. 1-1 (complaint).[1] Cox alleged that he was working as a federal task force officer and that, as part of his work, he performed surveillance in a van that SVS manufactured. *Cox I*, R. 1-1 ¶¶ 4–5; *Cox I*, R. 14 at 1. SVS manufactured vans that on the outside looked ordinary, but SVS modified the inside of the van to allow officers to perform surveillance. *See Cox I*, R 1-1 ¶¶ 13–15. According to Cox, one of the batteries malfunctioned while he was conducting surveillance in his van. *Cox I*, R 1-1 ¶¶ 4, 18–19. Specifically, he says that one of the batteries used to power the

---

[1] The Court will refer to this case, Pikeville Civil No. 7:15-cv-00080-ART-EBA, as "*Cox I*" and Pikeville Civil No. 7:15-cv-00090-ART-EBA as "*Cox II*."

van's surveillance equipment began to spew "noxious and deadly gases, liquids, and vapors into the enclosed van compartment." *Id.* ¶ 18. Cox alleges these fumes severely injured him. *Id.* ¶ 19.

After receiving notice of the state court suit, SVS informed Cox that it had filed for bankruptcy four months earlier. *Cox I*, R. 10-3 (notice of automatic stay); *Cox I*, R. 10-2 (notification letter). When a party files for bankruptcy, an automatic stay is put into place. *See Cox I*, R. 10-3. The stay in this case expressly prohibited "the commencement or continuation of any judicial proceeding against [SVS]." *Cox I*, R. 1-2 at 1. Thus, Cox violated the stay when he filed his initial lawsuit.

Cox then filed a petition in the New Jersey bankruptcy court that was overseeing SVS's bankruptcy. *Cox I*, R. 10-4 (motion to lift stay). He asked the bankruptcy court to lift the stay and allow him to pursue his personal-injury claims against SVS. *Id.* at 3. The bankruptcy court granted that motion and lifted the stay. *Cox I*, R. 10-5 (order lifting stay). SVS notified the Kentucky state court that the stay had been lifted. *Cox I*, R. 10-6 (notice of lifted stay).

SVS removed the state-court case to this Court and filed a motion to dismiss Cox's claims. *Cox I*, R. 1 (notice of removal); *Cox I*, R. 10 (motion to dismiss). In its motion to dismiss, SVS argues that Cox's initial suit is void as a matter of law because Cox violated the bankruptcy stay by filing it. *Cox I*, R. 10. In response to this claim, Cox filed a new action with this Court on September 11, 2015, asserting the same claims as the previous suit. *Cox II*, R. 1 (complaint). Again, SVS filed a motion to dismiss that suit as well, arguing that it was untimely. *Cox II*, R. 4 (motion to dismiss). Both motions are now before the Court.

## DISCUSSION

### I.

SVS argues that Cox's first complaint must be dismissed because Cox violated the bankruptcy stay when he filed it. *Cox I*, R. 10. Under Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss a complaint that does not state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To state a plausible claim, Cox must plead such facts to allow a court to draw a reasonable inference that SVS is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556). At this stage, the Court construes factual allegations "in the light most favorable to the plaintiff" and draws "all reasonable inferences in favor of the plaintiff." *Watson Carpet & Floor Covering, Inc. v. Mohawk Indus., Inc.*, 648 F.3d 452, 456 (6th Cir. 2011) (quoting *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009)).

A bankruptcy court has the power to lift a stay. *See Easley v. Pettibone Mich. Corp.*, 990 F.2d 905, 910 (6th Cir. 1993). However, in the Sixth Circuit, a lawsuit that violated a stay when it was filed must be dismissed absent "limited equitable circumstances." *Id.* at 911. This equitable exception applies only if the party protected by the stay: 1) has "attempt[ed] to exploit the stay to gain an unfair advantage," or 2) has "fraudulent[ly], willful[ly] delay[ed] in asserting the stay as a defense." *Id.*

Both parties acknowledge that, when Cox filed his initial lawsuit, the stay was in place. *Cox I*, R. 14 at 2–3; *Cox I*, R. 10 at 2. And, for good reason, Cox does not argue that the equitable exception applies. *See Cox I*, R. 14 (response to motion to dismiss). There is no evidence that SVS has fraudulently or willfully delayed in asserting the stay as a defense. Indeed, when Cox initially filed suit, SVS gave him prompt notice of the stay. *Cox I*, R. 10-3 (notice of stay). Nor

3

is there any evidence that SVS has attempted to exploit the stay to gain an unfair advantage. Because the equitable exception does not apply, Cox's original complaint is void as a matter of law. *See Easley*, 990 F.2d at 911.

In response, Cox argues that a lawsuit filed in violation of a stay may proceed if the bankruptcy court intended to allow the suit to proceed when the bankruptcy court lifted the stay. *Cox I*, R. 14 at 5. In support of this argument, Cox cites only one Fifth Circuit case, *Sikes v. Global Marine, Inc.*, 881 F.2d 176 (5th Cir. 1989). There, the plaintiffs filed a suit in violation of a bankruptcy stay, but the bankruptcy court later lifted the stay. *Id.* at 177. The Fifth Circuit held that the bankruptcy court had "intended to validate the filing of the original complaint" when it lifted the stay. *Id.* at 179. Specifically, the court noted that the bankruptcy court was aware that the lawsuit, when initially filed, violated the stay. *Id.* The court reasoned that the bankruptcy court must have intended to excuse this initial violation when the bankruptcy court lifted the stay and allowed the suit to proceed. *Id.* Thus, the Fifth Circuit held, the plaintiffs' claims were "permit[ted] . . . to proceed to judgment." *Id.*

The problem with Cox's argument is that the Sixth Circuit has taken a different course from the Fifth. The Sixth Circuit expressly considered *Sikes*, yet chose to define the equitable exception more narrowly. *See Easley*, 990 F.2d at 909–12. This narrow exception provides "fundamental protection to the debtor" while also allowing creditors to file suit when a debtor abuses this protection. *Id.* at 910–11. In contrast, *Sikes* calls for a broad exception in which the intent of the bankruptcy court—rather than the equities of the situation—is the focus of the inquiry. *See Sikes*, 881 F.2d at 179 (determining the bankruptcy court's "clear intent" to lift the stay was sufficient to give legal effect to a suit filed in violation of the stay). By forcing debtors to spend increased time and money litigating claims brought by creditors, this unconstrained exception

4

could erode the fundamental protection of the bankruptcy stay. *See Easley*, 990 F.2d at 910 (discussing the importance of such "fundamental protection" for debtors). Thus, Cox's argument is unpersuasive under Sixth Circuit law.

Cox filed the original lawsuit while the stay was in place. As such, the original lawsuit violated the automatic stay. Since no equitable exception applies, the original suit must be dismissed.

## II.

SVS argues that Cox's second suit must be dismissed because it is untimely. *Cox II*, R. 4. Under Kentucky Revised Statute § 413.140(1)(a), Cox had one year from the date of his alleged injuries to file a claim. Cox alleges that his injuries occurred on February 28, 2014. *Cox I*, R. 1-1 at 2. Thus, the initial statute of limitations expired on February 27, 2015. Under the Bankruptcy Code, however, a plaintiff is given a grace period following the lifting of a stay during which he may file a lawsuit. 11 U.S.C. § 108(c)(2). This grace period allows a party to bring an action within "30 days after notice of the termination or expiration of the stay," even if the statute of limitations expired while the stay was in place. *Id.*

Cox argues that his second lawsuit should be allowed to continue because it was filed within this 30-day grace period. On August 13, 2015, SVS filed a notice that the stay was lifted in the previous case. Under Cox's theory, he had until September 12, 2015, to file a second suit. *See Cox I*, R. 14 at 6 (acknowledging such). Cox filed his second suit on September 11, 2015, which, according to him, means his second suit was timely.

Cox's argument misunderstands what counts as notice under 11 U.S.C. § 108(c)(2). In *Easley*, the court indicated that the lifting of the stay is the type of notice that begins the 30-day grace period. There, the court held that a products-liability claim had to be dismissed because the

5

plaintiff "failed to refile their [products liability] claim within thirty days of the lifting of the automatic stay." *Easley*, 990 F.2d at 912. Using the lifting of the stay as the date of notice makes sense: as the party that filed the motion to lift the stay, Cox, through counsel, received electronic notice of the Court's decision to grant his motion on that same day. Thus, Cox had actual knowledge that the stay was lifted on August 7, 2015. Accordingly, 30-day grace period began on August 7, 2015, and ended on September 6, 2015. So Cox's new complaint, filed on September 11, 2015, fell outside of the 30-day grace period and must be dismissed as untimely.

## CONCLUSION

Cox's first complaint is void as a matter of law. And his second is time-barred under the applicable statutes. Thus, both of these complaints must be dismissed.

Accordingly, it is **ORDERED** that:

(1) SVS's motion to dismiss in Pikeville Civil No. 7:15-cv-00080-ART-EBA, R. 10, is **GRANTED**.

(2) SVS's motion to dismiss in Pikeville Civil No. 7:15-cv-00090-ART-EBA, R. 4, is **GRANTED**.

(3) The clerk shall file a copy of this order in both of the above-captioned cases.

(4) All pending deadlines are **CANCELLED**.

(5) These matters are **STRICKEN** from the Court's active docket.

This the 18th day of November, 2015.



Signed By:
*Amul R. Thapar*  AT
United States District Judge